**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4306
_____

SHU-SHIA SANBORN,
                                        Appellant

v.

POSTMASTER GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-04464)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2011
Before:  BARRY, JORDAN AND GARTH, Circuit Judges

(Opinion filed June 20, 2011)

_____

OPINION
_____

PER CURIAM

        Sanborn, proceeding *pro se*, appeals the District Court's grant of summary

judgment.  For the reasons that follow, we will affirm.

1

I.

Because we write only for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. Sanborn worked for the United States Post Office ("USPS") from 1985 to 1999. She left her position in May 1999 due to her Post Traumatic Stress Disorder ("PTSD")—for which she blames her supervisor—and remained on leave thereafter until her 2002 termination. During that time, Sanborn applied for disability retirement benefits, which she was denied by the Office of Personnel Management. After her application was denied, her supervisor scheduled pre-disciplinary interviews which she repeatedly failed to attend or attempt to reschedule. On the date the third and final interview was scheduled, an attorney representing Sanborn called her supervisor, informed him that she would not participate, and faxed a letter from her psychiatrist, Dr. Kurami, which stated that Sanborn was "deemed permanently disabled and will not be returning to work for the USPS ever." Appellee's Supp. Elec. App'x, A91.

On January 23, 2002, over a month after the final interview date, the USPS issued Sanborn a Notice of Removal. In addition to a 33-month absence from work, the notice listed several additional facts supporting her termination, including her failure to attend the pre-disciplinary interviews and her doctor's letter indicating that she would not return to work. Appellee's Supp. Elec. App'x, A86-88.

Sanborn's termination led to this lawsuit, in which she alleged that her termination

2

was discriminatory on the basis of her race, sex, and disability and that it was in retaliation for her earlier allegations of discrimination. After several months' discovery, Sanborn filed a motion to amend her complaint. The District Court denied that motion and granted the USPS's motion for summary judgment. Sanborn timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of leave to amend the complaint for abuse of discretion, Douglas v. Owens, 50 F.3d 1226, 1235 (3d Cir. 1995), and exercise plenary review over a District Court's grant of summary judgment, applying the same standard required in that court. See Union Pac. R.R. v. Greentree Transp. Trucking Co., 293 F.3d 120, 125 (3d Cir. 2002).[1] We may only review the record as it existed at the time summary judgment was entered. Id. at 126. We may affirm based on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

## A.

We find no error in the District Court's denial of Sanborn's motion to amend her complaint. A district court "has discretion to deny the request [to amend] if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing

---

[1] Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2) (We cite to Rule 56 as it appeared before its December 1, 2010 amendment. The amendment has no effect on this appeal); Reedy v. Evanson, 615 F.3d

party." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). As the District Court noted, amendment of the complaint four years after the filing of the initial complaint would result in substantial prejudice to the USPS as it would require reopening discovery. The delay here was both undue and prejudicial to the USPS, and we cannot conclude that the District Court abused its discretion in denying leave to amend.

B.

The District Court's grant of summary judgment was correct as to Sanborn's claims of discrimination and retaliation. Her disability discrimination claim falls under the Rehabilitation Act, 29 U.S.C. § 701, which "expressly makes the standards set forth in the 1990 Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., applicable to federal employers." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). Her sex and race discrimination claims, as well as her claim of retaliation for her prior allegations of discrimination, fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. Each of these claims is subject to the McDonnell Douglass burden-shifting framework. Wishkin, 476 F.3d at 184.

A plaintiff alleging workplace discrimination bears an initial burden of establishing a prima facie case of discrimination, after which the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once the

197, 210 (3d Cir. 2010).

4

employer meets this burden, it falls to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason is pretextual, and that the true reason is discriminatory or retaliatory. Id. at 804.

In this case, the District Court determined that the USPS articulated legitimate reasons for Sanborn's dismissal—her 33-month absence, failure to attend disciplinary interviews, and the statement from her physician that she would "not be returning to work for the USPS ever."[2] Opinion at 27, Appellee's Supp. Elec. App'x A34. It further noted that Sanborn "failed to come forward with any reasons that would show that those actions were pretextual." Id. We concur with the District Court. Even assuming, *arguendo*, that Sanborn established a prima facie case that her termination was retaliatory or based on her sex, race or disability, she was unable to demonstrate that the USPS's many stated reasons for her dismissal were pretextual. Accordingly, no genuine issue of material fact remained at issue, and the District Court was correct to grant the USPS's motion for summary judgment.

## C.

In her filings before this Court, Sanborn has raised a litany of new arguments for the first time on appeal. "Our Circuit adheres to a well established principle that it is

---

[2] The District Court made additional determinations as to whether Sanborn had established a prima facie case of discrimination or retaliation for each of her claims. However, because all of the claims were subject to summary judgment for the reasons here described, we need not address those determinations individually. Tourscher, 184 F.3d at 240.

inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court." Lloyd v. Hovensa, 369 F.3d 263, 272–73 (3d Cir. 2004) (quoting In re City of Phila. Litig., 158 F.3d 723, 727 (3d Cir. 1998)). Accordingly, we do not now consider those arguments.

III.

For the foregoing reasons, we shall affirm the judgment of the District Court. In light of our disposition, Appellee's motion to strike Sanborn's new arguments and documents is denied.